The Honorable Court, all rise! The Honorable United States Court of Appeals for the First Circuit is now in session. All persons having any business before this Honorable Court may draw near, give their attendance, and they shall be heard. God save the United States of America and this Honorable Court. May be seated. Court is in session. Today's cases will be called as previously announced in the times we've used a lot of the Council. The first case today is number 22-1121, United States v. Gilbert Perez. At this time, would Attorney Drake please introduce herself on the record to begin? Good morning, and may it please the Court and Council. My name is Jamesa Drake, and I represent Mr. Perez. Your Honor, may I please have three minutes? You may. Thank you. The District Court's findings are supported by record evidence. The District Court found, quote, the man, referring to the defendant, was not within reaching distance of the backpack. Also, quote, the officers had no particular reason to believe the man was armed. Only their generalized knowledge that drug transactions were often accompanied by weapons. Sergeant Conant testified, quote, I didn't have any specific facts or knowledge or any observations that he was harmed in any way. Sergeant Conant testified that he searched the backpack because, quote, that's where I believed the drugs were kept. The warrantless search of the backpack was unreasonable because at the time of the search, the defendant was secured and not within reaching distance of the backpack. Handcuffed behind his back and outnumbered by the police two to one, the defendant had no ability to unzip the backpack and reach the interior. As the District Court correctly observed, quote, destruction of evidence or access to weapons was not at stake. These findings conclusively establish that Chimmel's twin exigencies were not present in this case and that the search incident to arrest exception is inept. The good faith exception doesn't save the search either. The good faith exception doesn't give an indeterminate grace period to police officers to ignore U.S. Supreme Court case law precedent in favor of a single circuit decision that's been cited so infrequently that no one has bothered to overrule it. On that point, you identify, as I'm reading your brief, two separate intervening cases from the Supreme Court that call into question, in your view, the circuit precedent, which is Etherton. And those are Gantt and Chadwick. Is that right? Yes, Your Honor. Let's put Gantt aside. Can you explain to me how Chadwick undermines Etherton? Chadwick is a case with very similar facts to ours. It involves the search of a briefcase that was not in the defendant's possession at the time of the search. And the court there held that because of that, Chimmel's exigency... Right, but the difference, as I understand it, is in Chadwick, the trunk that they end up searching, they make clear, there's a phrase in Chadwick that says, recognizing this is not within the immediate area of control. The container here, the backpack, was within his immediate area of control prior to the search of it. Correct? It was on him. He was wearing it. Yes, Your Honor. So that, I think, makes that aspect of Chadwick just distinguishable. Because what we're dealing with here, I think, is the question of whether an item that's on you, the contents of it can be searched even after, without doing an exigency analysis, just like a wallet in your pocket, right? Well, if we leave Chadwick aside, then what we are left with is GAMS. No. There's other language in Chadwick that goes on to address how to think about the distinction, as I understand it, between something that's on your person, a wallet, and something within the immediate area of control. Yes, I follow what you're saying. That's why you rely on NAP, I take it, just for that point, from the Tenth Circuit. Correct. Okay, so the difficulty for me that I'd like you to address is, in Etherton, we had a briefcase in the hand. Here we've got a backpack on the shoulder. Etherton's before Chadwick. This case is after Chadwick. It must be that you're saying we should treat the backpack on your shoulder as different from the wallet in your pocket. Yes. Okay. Does Etherton itself address that question? How does Chadwick bear on that question? And why, in light of Chadwick, should we draw a distinction between the wallet in the pocket and the backpack on the shoulder? So, in Etherton, unlike an article that is worn, we had an article that was carried, right? So, therefore, Etherton doesn't address it specifically. But I would assume that the Etherton court's thinking is that those two things would be treated alike. We begin to see, in Chadwick, and it becomes, I think, crystal clear in Gant, that, in fact, an item that is carried and an item that is worn or an item that is concealed in clothing may be the same or different, for purposes of the search, incident to arrest exception, depending on where that item is in relation to the defendant at the time of the search. So, by the time we reach the Supreme Court's decision in Gant, we have now this time-of-search limitation instructing that... But the time-of-search limitation you're not saying applies to the wallet. The time-of-search limitation, I believe, does not apply to the wallet because of Robbins and Augustus, and that's fine. Right. So, the question is, if a time-of-search thing does apply to the backpack, there needs to be an explanation of why the backpack on the shoulder is different than the wallet in the pocket. Right. What would be the justification for drawing that difference? And that difference, and I discussed this in the brief, is that in Robinson, at the time of the search, the cigarette package was discovered in the defendant's clothing. He was wearing the cigarette package, if you will, at the time of the search. Here... I'm asking, why does that matter? It's true. That's undeniably true. You don't wear your backpack in your pocket. But what is the difference for Fourth Amendment purposes that would suggest we don't care about time-of-search for the wallet in the pocket and we do care about time-of-search for the backpack on the shoulder? The best I can offer this Court in that regard is the Supreme Court's own explanation in Robinson, which is that because an item that remains worn and concealed by the defendant is always going to at least theoretically be accessible by someone, we will therefore adopt a categorical rule. But that does not extend to objects that are not worn, if you will, at the time of the search. Now, that may be an unsatisfactory distinction, but I believe it is the best explanation that we have for the dichotomy and the one that the Court has reiterated. I don't think this Court needs to decide whether the categorical rule in Robinson makes sense. We know it has continuing validity. That leaves us then with the countervailing instruction that we have in Gantt, which is that if the defendant... I'm sorry, just before you leave that point, I just want to make sure I understand this one point that you're making. You say worn at the time of the search. Do you mean worn at the time of the search? The cigarette pack wasn't being worn when it was searched. You mean at the time it's discovered? Discovered pursuant to... Well, the facts of Robinson are, and this is the way I'm using the language that I'm using, is that during the search of his person, during the search, they discovered inside a pocket the cigarette pack. Got it. So does it have to be hidden? I don't believe the Supreme Court has said. It just has to be within an article of clothing. That's why the federal appellate court worked so hard in Knapp to talk about a purse that was at one point worn, but then was no longer worn at the time of the search. So I suppose if the defendant had an article... I'll give you three. A fanny pack, a belt that has a zipper pocket with a knife in it, a holster that doesn't look like a holster. I think if those are still attached to the defendant's body, I mean I really do read the case as literal, attached to the body at the time of the search, then Robinson's categorical rule would apply. Sorry. Go ahead. No, I mean the question asks itself. Is a backpack attached to the body? A briefcase is not. A briefcase is held. I mean is there a difference between holding and attaching? No, Your Honor. It's the distinction that the Fourth Circuit drew in Davis and the Tenth Circuit drew in Knapp and the distinction that I'm asking this Court to draw. In all of those cases, the defendant was at some point in contact with, was wearing the backpack or the purse, in our case again, the backpack. But he was dispossessed of it at the time of the search. It was no longer attached to his body. But that's true of the cigarette pack. In Robinson, the cigarette pack was inside his coat pocket. Not at the time of the search in Gustafson. That's true, not in Gustafson. But Gustafson seems to have lost a bit of its luster, and Robinson is what's carried through. Well, then now you're saying something different, which is that now you're suggesting that for you to win, you can't even search the cigarette pack post securing the defendant. I thought you were saying you could win even if that was true because a backpack is not like things found on the pocket or in the person. I'm sorry to have interrupted, but what I'm saying is to the extent that Robinson and Gustafson are saying different things, we know that what Gustafson seems to be suggesting Isn't Gustafson after Robinson? Same day, decided the same day, yeah, doesn't survive the subsequent instruction that we have received in Gant, which is I know you're saying that. I'm saying if we didn't agree with you on that, I thought you were saying you still could win because of Chadwick, and the idea would be that Chadwick itself has language that requires us to make a distinction between those things that are on the person and those things that are within the immediate area of control. And my understanding was that you were suggesting that those things that are in clothing are always on the person, therefore the Gustafson rule applies to them. But those things within the immediate area of control, you have to do an exigency analysis, and my understanding is you were saying the backpack is not like those things you wear on your body, and therefore you have to do the exigency analysis, so then time of search of the item matters. If I may, of course the backpack, the purse, they are worn. That's not the inquiry. The inquiry is are they worn at the time of the search? And so the rule that I'm asking this Court to adopt. Yeah, but now you're saying, but that would require us to say Gustafson is no longer good law. That would simply require this Court to follow Gant. I understand that. But if we don't agree with you that Gant undermines Gustafson, then what you're saying is we have to conclude either that Gant overruled Gustafson without saying that, or that we would have to conclude Gustafson is no longer good law. But I thought you were making a separate argument that even if that was not true, Chadwick itself provides a basis for concluding that Gustafson still is good law and applies to those things found on the pocket or being worn, but that a briefcase, a purse that's carried, et cetera, is different. That's what Knapp holds, and that the briefcase is like the carried purse. If I may, to the extent that there is any disagreement between Gustafson and Gant, Gant should control. And the fact that the Gant Court— If we disagree with you on that, do you lose or do you still win? Still win under Chadwick for the reasons stated in the brief. Okay. Thanks. Thank you. Thank you, counsel. At this time, would Attorney Kleinborg please introduce himself on the record to begin? Good morning. May it please the Court, Brian Kleinborg for the United States. Your Honors, this Court should find the search of Perez's backpack, in this case lawful, for three reasons. First, the Court should apply the categorical right-line rule the Supreme Court established in United States v. Robinson that says that subject, after a valid custodial arrest, the police may search the arrestee's person, including the person's clothing and personal effects and articles immediately associated or on the person of the arrestee. Two, if the Court does not follow the Robinson categorical rule and were to adopt a case-specific approach, the search was still proper under the facts of this case. Finally, if the Court were inclined to adopt a different rule for future cases and again not follow the Robinson rule, the officers in this case acted in objectively reasonable reliance on binding precedent from this Court, namely Etherton, Cepulonis, and Worry in 2013, and from cases from the Supreme Court. So first, this case is resolved by a straightforward application of the right-line rule announced by the Supreme Court, United States v. Robinson. This was a backpack worn by Mr. Perez. It was attached to his person. This case falls in the very heartland of cases controlled by the rule that the police can search the person and personal effects of the arrestee. If the backpack were on the ground beside him and not touching him, is that different? No, I don't think a different rule applies there. I think as long as the backpack, the briefcase, is on or near the person and the police are reasonably in the process of apprehending the arrestee, it falls within the heartland of cases under Robinson. Does that mean Knapp is wrong? The government does not believe that the other circuits that have found distinctions, have made distinctions about where the property is or applying the Lund rule or the area around the arrestee. I think those courts have not applied the Supreme Court doctrine faithfully. Doesn't Chadwick have language that distinguishes between being on the person and being in the immediate area of control? Chadwick is a peculiar case, I would submit. Chadwick is kind of a one-off. Whatever you say, it has words in it. The words in it specifically address the on-the-person circumstance and the immediate area of control circumstance. I think it's footnote 10 of Chadwick. They distinguish between those two circumstances, saying one has diminished privacy interest when it's on the person and there's less diminished privacy interest when it's in the immediate area of control. And the suggestion is that you apply an exigency analysis to the search of the seized item when it's in the immediate area of control that doesn't apply when it's on the person. Right, but the facts of Chadwick are important. The property in Chadwick... It's not, because in Chadwick, they seem to treat the trunk in Chadwick as neither on the person nor within the immediate area of control. Correct. So Chadwick doesn't speak to this question other than through its dicta, and in the dicta, it's just describing what appears to be a distinction between being on the person and within the immediate area of the control, the latter of which is subject to an exigency inquiry, the former of which is not. Right, and my answer to Judge Howard's question is a bag at the feet of the arrestee I think is different from Chadwick and therefore would be covered within... If the words immediate area of control mean anything... There's two different things. Gustafson makes clear that something found on the person can be searched even after the defendant is secured. Correct? Yes. Is the government's position that that's true of all containers found within the immediate area of control? Yes. And you say that's true categorically? Yes. And what's your authority for that? It's Robinson. Well, Robinson was an on-the-person case, not an immediate area of control case. Well, no. Robinson and Gustafson were the same in that the... Both were on-the-person cases, and neither was immediate area of control. They didn't find the cigarette box next to the guy in either case. Right. Both were... I think both Robinson and Gustafson are like this case in that the property is on the person at the time of arrest. Now, if you're conceding that the inquiry is different if it's within the immediate area of control, are you? Well, we have to define what the immediate area of control is in Chad. I submit that Chad doesn't do... I agree. One, we're distinguishing between three things. Being on the person is different than being within the immediate area of control is different from being neither on the person or in the immediate area of control. Yes. As I read Chadwick, it's the third case. It's neither on the person nor immediate area of control. Gustafson and Robinson are on-the-person cases, unquestionably. Okay? In an immediate area of control case, that would seem to be the briefcase at the foot of the person. You say the government's view is that's no different than being on the person? That can be searched even after the suspect is completely secured and the site's secured? I mean, the hypothetical is missing a lot of facts about where the property was prior to it being searched. It can't be. I'm making up the hypothetical. It has all the facts I want in it. There is a briefcase right next to the suspect. Is that an on-the-person case or an immediate area of control case? I think it's a Robinson case. That's an on-the-person case. I think it's, yes, I think it's, I'm saying that immediate area of control is not something that's ever been defined by the Supreme Court's case law. So attempting to figure out what the Supreme Court means by the area within the immediate area of control. Is it different than on-the-person? I mean, it was different in Chadwick. The court created that language in Chadwick because it was never on-the-person. Yes, but it also was not within the immediate area of control. That language comes from Kimmel. Kimmel is the area around the person in the house, not the person himself. And that, Your Honor, I think gets to a very important doctrinal point about how the court should look at this case. And that is that Chadwick comes from the Schimmel reasoning, which dealt with an area around the arrestee, and so did Gant. Those three cases dealt with a different, the Supreme Court has said that there are two distinct formulations. Fine. If the backpack is next to the suspect, is that an on-the-person case or an area-of-control case? I think it doesn't matter whether you say it's on-the-person. So you would analyze it in the same way? Yes. Under Robinson? Yes. And what's your authority for that? My authority is that all the cases, it's Robinson, it's Riley, it's this court's decision in Warrior. Those are all cases where the thing was found on the person. Well, they're all cases where the court has said that when the police arrest someone, that they're entitled to search the person and articles immediately associated with the person. Okay. That's a third category, not immediate area of control. Right. So I'm asking about the backpack next to it. Now you're saying counts because it's an item immediately associated with the person? Yes. Okay. Yes. And so that's why I say Chadwick, Chadwick's language and facts aren't that helpful to the case and we should remain... So how would you distinguish the trunk from the backpack such that the trunk in Chadwick is not immediately associated with the person, but the backpack on the ground is? The trunk was never on the arrestee at all. It was never part of their person. It was never, according to the court in Chadwick, immediately associated with their person. It went from the train station to a cart. It's a 200-pound double-lock footlocker. It went from the train station to a cart into the car. The subjects went into the car and that's when they arrested the subjects and then they took the trunk out of the car and they searched the trunk. So anything you carried or have carried counts as immediately associated with the person? At the very least. I mean, it could include more, but at the very least, again, that's the heartland of cases that are covered by the Robinson-Gustafson rule. And so... If we disagreed with you on that, what happens? If you disagree that things that are carried... That just because you once carried it doesn't make it immediately associated with you so that if it's found on the ground, that's different, what happens? Well, then the court would be... The court would really be rejecting... But if we disagreed, would we be rejecting anything? What happens in this case? In this case, the court could either apply the fact-specific sort of totality of the circumstances test, which I don't recommend... I thought there would be a different argument, which was that because in this case, the backpack was seized at a time when he was wearing it. Maybe I misunderstood that question, Your Honor. If you could reframe it, that might be helpful. Well, Judge Howard's question to you was what happens if the backpack is on the ground when they seize it? You said that's the same as if it's on the person because it's immediately associated with him because he once carried it. Yes. I said if we rejected your view on that, thought that was not a good reading of the case law, what happens to the case here? And I had thought you were also making the argument that you still win because the backpack was taken from the suspect when it was on the suspect. Yes, yes, for sure, for sure. This is a stronger case, I think, than the backpack, than the bag or the briefcase on the ground because it's on Mr. Perez's... Okay, so then could you address the... I don't understand Etherton to have zeroed in on this because the test from Chadwick and those words weren't in play at the time that Etherton was decided, but could you just address your opponent's suggestion that there is a difference between an item that's worn in your clothing and a carried briefcase, a carried purse, or a backpack? So Etherton involved... It was pre-Chadwick and it doesn't deal with this immediate area of control versus on the person versus immediately associated with. Right, but then I think the case that we have to talk about is this court's decision in United States v. Worry in 2013, which is post-Gantt. And so the notion that Gantt sub silentio overruled either Robinson or this court's decisions in Etherton is flatly rejected by this court's decision in Worry. Now, granted, the ultimate decision in Worry was that cell phones are qualitatively different from other containers that the police may find on a person. And so the court and then the Supreme Court and Riley made a different categorical rule when it came to cell phones. But the court looked at the search incident to arrest doctrine generally and it said several important things. First, it talked about Robinson's bright line rule and then it mentioned Gantt. And it said Gantt involved the search of an arrestee's vehicle, which is governed by a distinct set of rules. It said that it reaffirmed the vitality of the Robinson categorical rule and it said that the searches in Robinson were the kind of reasonable, self-limiting searches that do not offend the Constitution. The same can be said of searches of wallets, address books, purses, and briefcases, the court said, which are all potential repositories for destructible evidence and in some cases, weapons. And then the third thing that the court said in Worry that's relevant to the issue before the court today is it distinguished the searches in Chadwick and Gantt as general evidence-gathering searches, not easily subject to any limiting principle. So on the issue of whether Gantt should apply or whether Gantt overrules this court's process. The only difficulty is Worry makes that point in the context of a clearly on-the-person search. It describes it as an on-the-person search. The phone was being worn, like many people have their phones. Right, but the purses and briefcases, the court says. Right, but there it's not holding. I mean, I think that's pretty important to the court's decision. We can easily say now that that might not be the holding because the court adopted a ruler. No, no, even in Worry it's not holding that a briefcase is subject to the categorical rule. No, that wasn't before it. Right. But I think it's an important distillation by this court of the Robinson rule as applying to things that are not worn on the person. Just as Robinson did, just as Gustafson did. And so I haven't spent a lot of time on the good faith issue, but if the court were to reject... Go ahead. I want to know is the government... I know it relies on good faith, but if in substance it's relying only on... I want to know if it's relying only on a search incident to an arrest or have you made preserved continuing to rely on an exigency argument? Yes. No, I believe we have preserved that argument. If the court is inclined to look at totality of the circumstances, case-specific approach to this case, we believe that the facts in this case, including that there was an accomplice who was not secured, the scene of the arrest was not secured, and there's a number of facts that I alluded to in my brief. Where did you make that argument? I'm sorry. Where did you make that argument? That argument is made in the government's brief, Your Honor. Did you make it in particular to the backpack, to the item, to be searched? Yes. Yes. I see that my time is up. I just have one more question for you. What would be the logic of permitting the government post-securing the site to search the contents of a backpack, say, a week later? A week later? Well, I don't know that our rule necessarily extends to a search a week later. I thought you were allowing Gustafson for the purpose of saying that even after it's secured, since you seized it, you can search it whenever you want. Yeah, I think Edwards sort of pushes that. Edwards is the case where they think there might be evidence on the defendant's clothing that's searched later. I do think that there need to be spatial and temporal limitations. The rule that I'm proposing doesn't necessarily allow for something to be searched. A couple days later? Edwards, I think, was maybe the next day or something like that. So is it the next day? So what would justify being able to search the backpack the next day? The justification expressed by the court in Edwards is that it's based on the arrestee's reduced expectation of privacy, of being taken into custody, and so the minimal additional intrusion of property that's already been properly seized by the police that have been being tested for evidence is not itself a Fourth Amendment, and not an unreasonable search. Thanks. Thank you. Thank you, counsel. At this time, would Attorney Drake please reintroduce herself back on the record? She has three minutes of rebuttal. Thank you. I'd like to begin where we ended with the exigency discussion. The government didn't separately make that argument because the exigency analysis is what the search incident to arrest exception is all about. It's founded on Schimel's twin exigencies, that the need to search incident to arrest could be based on either a concern that the defendant might destroy evidence or access a weapon. Neither of those concerns are present in this case, and we know that because the district court found that. On top of that, if you apply Gantt's time of search limitation, time of search rule, then we know that at the time of the search of the backpack in this case, when it was off of the defendant's body, dispossessed of his person, the exigencies that would justify the warrantless search were not present. That's why I began my presentation with the district court's findings. The officers were not concerned that he might destroy evidence. They had him handcuffed on the ground. They didn't have any reason to believe he was armed or that there might have been a weapon in the backpack. And that really does end the analysis. It does conclusively establish, because Schimel's exigencies cannot justify the warrantless search here, and there is no other sort of independent, freestanding exigent circumstances exception contemplating some other exigency. The other recognized exigencies that the court has talked about are police officers running into a burning house. We don't have anything like that here. That's all true of the cigarette pack search the day later, correct? My point is that a day later you couldn't search it because the defendant is dispossessed. Right, but the government's position is that the case law, two holdings of the Supreme Court say otherwise, Edwards and Gustafson. Yes, and my response to that, which appears in the reply brief, is that Edwards is the sort of early case that melds, if you will, the search incident to arrest in the beginnings of what we would recognize as an inventory search. When the defendant was searched, he was at the station house. And so if you look at the way in which the U.S. Supreme Court talks about Edwards today, it puts it in the inventory search category. It's sort of dropped out of the search incident to arrest jurisprudence. The government's position is extreme that the police can always search an item so long as it's near the defendant at the time of the search. Well, that would be the broadest version. The slightly narrower one is they can always do it when it's on the person and taken from the person directly. And to adopt that, this court, if I may finish the sentence, would have to ignore Gant's time of search instruction. Thank you. That concludes argument in this case. Counsel for this case is excused.